UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BERNARD SCOTT, :
:
        Plaintiff, :
: CIVIL NO. 3:CV-05-1091
        v. :
: (CHIEF JUDGE VANASKIE)
R.N., TRACY MOONEY, ET AL., :
:
        Defendants. :

# M E M O R A N D U M

## I. INTRODUCTION

Plaintiff Bernard Scott, an inmate presently housed at the Greene State Correctional Institution ("SCI-Greene"), Waynesburg, Pennsylvania, commenced this civil rights action under 42 U.S.C. § 1983 on May 31, 2005. Scott, who proceeds pro se, claims that while housed at his former institution, SCI-Mahanoy, he was assaulted by corrections staff, denied medical care for his injuries, given a false misconduct and placed in a "hard cell" where he was deprived of clothing and other necessities, including his legal materials. Scott was then transferred to SCI-Greene where he continues to be held in Restricted Housing Unit ("RHU"). Scott contends that the retaliatory harassment continues at SCI-Greene by order of the "correctional staff at SCI-Mahanoy. Scott claims all the alleged events occurred in retaliation for his past filing of institutional grievances and lawsuits. He seeks monetary and injunctive relief.

He names the following SCI-Mahanoy employees as defendants: Tracy Mooney, R.N., Corrections Officer ("CO") Griffith, and CO Shovlin.

Although the Complaint is not altogether clear, Scott appears to be asserting First Amendment retaliation, access to courts, denial of visitation privileges, and cruel and unusual punishment claims. Having examined the pro se pleading by the inmate plaintiff as required under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, Scott's access to courts and visitations claims will be dismissed without prejudice for his failure to state a viable claim. I will direct service of the complaint for litigation of the Eighth Amendment claims against the named SCI-Mahanoy defendants.

## II.        BACKGROUND.

Scott alleges that on March 16, 2004, he was housed in SCI-Mahanoy's RHU. On that day unnamed corrections officers came to his cell to advise him he had a medical appointment with an institutional physician, Dr. Modery. He was handcuffed behind his back and removed from his RHU cell. Scott alleges that, contrary to RHU policy, Scott's cell movement was not videotaped. Scott claims that he was taken to the RHU's triage room where he was physically assaulted by COs Griffith and Shovlin and Nurse Mooney. Plaintiff asserts he was assaulted in retaliation for past grievances and lawsuits filed against unidentified corrections staff. Scott alleges that after the attack he was denied medical care for his injuries and placed in a "hard cell" completely naked and without any personal hygiene items for an

unspecified period of time. During his stay in the "hard cell", Scott purportedly was denied law library visits, exercise, and visitation. His request for an inmate grievance form was also denied. Plaintiff was also denied access to his legal materials to "prevent [him] from communicating to the state federal and criminal courts." (Dkt. Entry 1, Exh. 1.)

On April 29, 2004, Scott was transferred from SCI-Mahanoy to SCI-Greene. He claims that he is "still being retaliated against by the correctional staff . . . at SCI-Greene by the order's [sic] of the correctional staff at SCI Mahanoy." (Dkt. Entry 1.) He claims he "[has] been forced into a position to file a 1983 against some of the corrections officials in this prison S.C.I. Greene I have been falsely locked down since 12/27/02." (Dkt. Entry 1.) None of the named defendants is an employee at SCI-Greene.

### III.    STANDARD OF REVIEW.

A complaint filed in forma pauperis may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). An action by an incarcerated person that seeks relief against a government employee must be screened to determine if dismissal is warranted on the same grounds. See 28 U.S.C. § 1915A. In applying these statutory screening requirements, a court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). Thus, the truth of the plaintiff's factual allegations is assumed. White v. Napoleon, 897 F.2d 103, 106 (3d Cir.

1990). The court must decide "whether under any reasonable reading of the pleadings, plaintiff may be entitled to relief." Simon v. Cebrick, 53 F.3d 17, 19 (3d Cir. 1995). Pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002); see also Estelle v. Gamble, 429 U.S. 97, 107-108 (1976).

**IV.        DISCUSSION.**

**A.        Scott's Challenge to his Treatment at SCI-Greene.**

To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988).

Scott clearly challenges his continued confinement in SCI-Greene's RHU. He asserts that his treatment at SCI-Greene is the result of orders of unnamed SCI-Mahanoy staff. This averment will be construed liberally to refer to the named Defendants. Thus, to the extent that Scott claims First Amendment retaliation and Eighth Amendment cruel and unusual punishment at SCI-Greene is attributable to "orders" of the named Defendants, this claim survives initial screening. If, of course, Scott is unable to show that any of the named Defendants are involved in the conditions of confinement at SCI-Greene, they cannot be held accountable for such conditions.

### B.     Scott's Access to Courts Claim.

Inmates have a right of access to the courts. Lewis v. Casey, 518 U.S. 343, 350; Bounds v. Smith, 430 U.S. 817 (1977). In order to succeed on an access to the courts claim an inmate must prove actual injury. Lewis, 518 U.S. at 351. Actual injury is the loss of a non-frivolous claim that relates to a challenge, direct or collateral, to an inmate's conviction or relates to a challenge to the conditions of confinement. Id. at 351-54; Tourscher v. McCullough, 184 F.3d 236 (3d Cir. 1999)("To state a viable claim of the denial of meaningful access to the courts, Tourscher was required to plead facts demonstrating that the work he performed in the prison cafeteria interfered with his ability to prosecute his appeal.").

In the instant case, Plaintiff merely alleges that he was denied access to his legal materials to "prevent [him] from communicating to the state and federal and criminal courts."

(Dkt. Entry 1, Exh. 1.)  However, Scott has not alleged that he suffered an actual injury and he has not alleged that any of the named defendants were involved in the alleged denial of access to the courts.  This claim therefore must be dismissed without prejudice.[1]

### C. Denial of Visitation

Scott claims that while housed in the "hard cell" at SCI-Mahanoy he was denied visitation with family members.  I note that Scott does not allege that any of the named defendants had any involvement in this alleged wrongdoing.  Therefore, this claim, as asserted against them, will be dismissed.  However, there is an alternate basis for dismissing this claim because neither prisoners nor their visitors have a constitutional right to unfettered visitation. See Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989) (denying prison visitation with mother characterized as well within ordinarily contemplated terms of imprisonment); Flanagan v. Shively, 783 F. Supp. 922, 934 (M.D. Pa.), aff'd, 980 F.2d 722 (3d Cir. 1992), cert. denied, 114 S. Ct. 95 (1993); Doe v. Sparks, 733 F. Supp. 227, 230 & n.3 (W.D. Pa. 1990).  An inability to receive visitors is not atypical and unusually harsh compared to the ordinary circumstances contemplated by a prison sentence, and thus, no due process right is implicated. Parke v. Lancaster County Prison, Civil No. 95-6425, slip op. at 5 (E.D. Pa. Oct. 24, 1995) (DuBois, J.).  Indeed, one's removal from society is a fundamental incident of imprisonment and

---

[1] Of course, Scott may seek leave to file an amended pleading on this claim if he can allege the requisite injury and the personal involvement of the named defendants.

where visitation is permitted, it is often narrowly circumscribed.  See <u>Kentucky Dep't of Corrections v. Thompson</u>, 490 U.S. at 461.  Thus, this claim is subject to dismissal.[2]

## IV. CONCLUSION

For the reasons set forth above, Scott's claims related to access to the courts and denial of visitation will be dismissed without prejudice.  The remainder of the claims will be allowed to proceed against the named SCI-Mahanoy defendants.  An appropriate Order is attached.

                                             **s/ Thomas I. Vanaskie**
                                             Thomas I. Vanaskie, Chief Judge
                                             Middle District of Pennsylvania

TIV:pdt

---

[2] It may be that denial of visitation privileges may form part of the retaliation claim, and no opinion is intimated on the viability of such a claim to the extent that Scott can show that the named Defendants were responsible for the alleged denial of visitation as an act of retaliation for the exercise of First Amendment rights.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BERNARD SCOTT, :
:
        Plaintiff, :
: CIVIL NO. 3:CV-05-1091
    v. :
: (CHIEF JUDGE VANASKIE)
R.N., TRACY MOONEY, ET AL., :
:
        Defendants. :

## O R D E R

**NOW, THEREFORE, THIS 14th DAY OF JUNE, 2005** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion to proceed in forma pauperis (Dkt. Entry 2) is construed as a motion to proceed without full prepayment of fees and costs and the motion is **GRANTED**.

2. Scott's access to the courts claim and the claim for alleged denial of family visitation while at SCI-Mahanoy are **DISMISSED, WITHOUT PREJUDICE**

3. The Clerk of Court shall cause service of process to issue on the named SCI-Mahanoy defendants: Tracy Mooney, RN., CO Griffith and CO Shovlin. Service shall include the complaint and a copy of this order and accompanying memorandum.

                                        **s/ Thomas I. Vanaskie**
                                        Thomas I. Vanaskie, Chief Judge
                                        Middle District of Pennsylvania