**UNITED STATES DISTRICT COURT**
**FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BERNARD SCOTT,** | : |
| | : |
| **Plaintiff,** | : |
| | : **CIVIL NO. 3:CV-05-1091** |
| **v.** | : |
| | : **(CHIEF JUDGE VANASKIE)** |
| **R.N., TRACY MOONEY, ET AL.,** | : |
| | : |
| **Defendants.** | : |

**M E M O R A N D U M**

I.    <u>INTRODUCTION</u>

On May 31, 2005, Bernard Scott, an inmate presently housed at the Greene

State Correctional Facility ("SCI-Greene") in Waynesburg, Pennsylvania, brought this civil rights

action pursuant to 42 U.S.C. § 1983.  He proceeds <u>pro se</u> and <u>in forma pauperis</u>.  Scott alleges

that while housed in the Restricted Housing Unit ("RHU") at the Mahanoy State Correctional

Facility ("SCI-Mahanoy"), in Frackville, Pennsylvania, he was assaulted by corrections staff in

retaliation for filing grievances, denied medical care for his injuries, given a false misconduct

and placed in a "hard cell" where he was denied clothing and other necessities.[1]  Named as

defendants are the following SCI-Mahanoy Department of Corrections ("DOC") employees:

---

[1]  On June 14, 2005, the Court screened Scott's complaint as required by 28 U.S.C. §
1915A, and dismissed Scott's access to court and visitations claims without prejudice.  <u>See</u>
Dkt. Entry 9.

Tracey Mooney, R.N.; Corrections Officer ("CO") Griffith and CO Shovlin.

Presently pending is Plaintiff's Motion for Leave to File an Amended Complaint (Dkt. Entry 19) as well as Defendants' Motion to Strike (Dkt. Entry 21). The Motion to Strike will be construed as Defendants' brief in opposition to the Motion to File an Amended Complaint. Also pending are Scott's two motions for the appointment of counsel. (Dkt. Entries 17 and 23.) For the reasons set forth below, Scott's requests for counsel and his Motion to Amend will be denied.

## II.   <u>BACKGROUND</u>

Scott alleges that on March 16, 2004, he was housed in SCI-Mahanoy's RHU. On that day unnamed corrections officers came to his cell to advise him he had a medical appointment with an institutional physician, Dr. Modery. He was handcuffed behind his back and removed from his RHU cell. Scott alleges that, contrary to RHU policy, Scott's cell movement was not videotaped. Scott claims that he was taken to the RHU's triage room where he was physically assaulted by COs Griffith and Shovlin, as well as Nurse Mooney. Plaintiff asserts he was assaulted in retaliation for past grievances and lawsuits filed against unidentified corrections staff. Scott alleges that he was denied medical care for his injuries after the attack, and placed in a "hard cell" completely naked and without any personal hygiene items for an unspecified period of time. His request for an inmate grievance form was also denied. (Dkt. Entry 1, Exh. 1.) On April 29, 2004, Scott was transferred from SCI-Mahanoy to

SCI-Greene.

## III.   PROCEDURAL HISTORY

The Court directed service of the Complaint, consistent with its screening Order, on June 14, 2005.  (Dkt. Entry 9.)  Defendants filed a Motion to Dismiss the Complaint based on the following grounds: (1) Scott's purported failure to exhaust administrative remedies with respect to the alleged March 16, 2004, retaliatory assault, or his receipt of two "false" misconducts issued to him that day; (2) the Eleventh Amendment; and (3) the failure to state a viable claim for relief in relation to his placement in SCI-Mahanoy's RHU after the March 2004 event.  (Dkt. Entry 12.)   Defendants have briefed their motion and filed supporting exhibits.[2] (Dkt. Entries 13 - 14).  After Scott failed to file a brief in opposition to this motion or seek an enlargement of time to do so, the Court advised Plaintiff that, if he failed to file an opposition brief within the time given, Defendants' motion would be deemed unopposed and granted without a merits analysis.  (Dkt. Entry 16.)  Plaintiff then file a motion for appointment of counsel and a brief in opposition to Defendants' motion to dismiss which did not address the merits of the motion but again requested the appointment of counsel prior to being required to address

---

[2]  Because defendants have supplied documents and declarations in support of their motion to dismiss, I will construe their motion as one for summary judgment pursuant to Fed. R. Civ. P. 56(c).  See Camp v. Brennan, 219 F.3d 279, 280 (3d Cir.2000)(the Third Circuit converted the corrections defendants' motion to dismiss for failure to exhaust administrative remedies to a motion for summary judgment because the court considered the declaration of a prison employee to resolve the issue).  As such, Plaintiff is on notice of this conversion and will be given the opportunity to respond to this motion for summary judgment.

defendants' potentially dispositive motion.  (See Dkt. Entries 17 and 18.)

## IV.   DISCUSSION.

### A.   Requests for Appointment of Counsel

In Scott's Motions for Appointment of Counsel, he states that he is proceeding in forma pauperis because he is indigent and cannot afford private counsel to represent him in this matter.[3]  (Dkt. Entries 17 and 23.)  He further states that due to his incarceration and limited knowledge of the law he will be unable to conduct the necessary discovery to prove his case.  (Dkt. Entry 23.)  He notes that staff at SCI-Greene are interfering with his "personal mail; legal mail; and institutional house mail" to prevent him from communicating with the Court and his family.  (Id.)  Finally, he declares that he attempted to obtain legal assistance of three identified attorneys.  Defendants did not file a response to Plaintiff's motion.  Because I find the facts in the present case do not warrant appointment of counsel at this time, Scott's motions for counsel will be denied without prejudice.

A prisoner does not have a constitutional or statutory right to appointment of counsel in a civil case.  Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).  Appointment

---

[3]  He also requests "reconsideration of judgment" or that the Court "vacate the judgment" entered in this matter on November 18, 2005.  I note that no Order of judgment was entered in this matter on that date.  On November 15, 2005, Scott was advised that if he did not file a brief in opposition to Defendants' motion to dismiss, the motion would be deemed unopposed and granted.  See Dkt. Entry 16.  To date, however, the Court has not ruled on Defendants' Motion to Dismiss.  Thus, there is no "judgment" to vacate.

of counsel is governed by 28 U.S.C. § 1915(e)(1), which provides that the court "may request an attorney to represent any person unable to afford counsel." See also Montgomery v. Pichak, 294 F.3d 492, 499 (3d Cir. 2002), citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). Further, the court has no funds to pay an attorney who may accept appointment (although attorney's fees are available under 42 U.S.C. § 1988 if a plaintiff becomes a "prevailing party" in the litigation). The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is  whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499 (emphasis added). Next, if plaintiff's claims should meet this threshold requirement, other factors to be examined are:

1.    the plaintiff's ability to present his or her own case;
2.    the difficulty of the particular legal issues;
3.    the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
4.    the plaintiff's capacity to retain counsel on his or her own behalf;
5.    the extent to which a case is likely to turn on credibility determinations, and;
6.    whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499, citing Tabron, 6 F.3d at 155-57.

           At this point in the proceedings I must, for the purpose of a Tabron analysis, construe the record in the light most favorable to Scott.  To that end, Scott contends he was assaulted by SCI-Mahanoy staff and denied medical care.  Defendants have challenged the legal sufficiency of Plaintiff's claims.  They have also contested the justiciability of those claims due to an alleged failure to exhaust administrative remedies.  I am not inclined to appoint counsel when the legal merit of Plaintiff's action is in question, and some, if not all, of the present action may not survive defendants' motion.  Under these circumstances, an assessment of the probable merit of Scott's claim cannot be made.  An assessment of the remaining Tabron claims militates against appointment of counsel.

           Under Tabron, courts should consider "plaintiff's education, literacy, prior work experience, and prior litigation experience."  Tabron, 6 F.3d at 155.  In his motion, Scott alleges that he lacks the finances, legal educational background, and litigation experience to present his case.  (Dkt. Entry. 23.)  Scott's submissions to date are straightforward and clear.  His alleged lack of formal legal training and/or education do not appear to hamper his ability to argue or present issues relative to his claims.  To the extent that he claims financial difficulties with respect to pursuing this action, he is facing the same obstacles that any other indigent plaintiff would confront.  Moreover, the requisite liberal construction afforded pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with plaintiff's apparent ability to litigate this

action pro se, militate against the appointment of counsel.  Further, I do not find the issue of

Scott's exhaustion of his administrative remedies with respect to the March 2004 assault, or his

receipt of "false" misconducts in retaliation of his filing of grievances to be an overly complex

legal issue.  A response to this type of legal challenge is fairly straightforward, and can be

readily be accomplished by Scott.

        As for his claim that SCI-Greene staff are interfering with his personal and legal

mail, while I find these claims disturbing, Scott does not suggest how this alleged interference

has hampered his ability to pursue his case.  Specifically, he does not address how this alleged

interference has prevented him from responding to Defendants' motion to dismiss or otherwise

pursuing this action.  With respect to Plaintiff's ability to retain counsel on his own accord, Scott

lists the names and addresses of three counsel he has contacted for their assistance.  Clearly,

making three unsuccessful attempts to secure counsel does not warrant the appointment of

counsel.

        In summary, at this point of the litigation, I am not inclined to appoint counsel for

Scott given the limited availability of pro bono counsel and Defendants' motion raising an

exhaustion of administrative remedies defense.  In the event, however, that future proceedings

demonstrate the need for or the appropriateness of appointing counsel, the matter may be

reconsidered, either by the Court on its own initiative, or upon another motion filed by Scott.

**B.**   <u>Motion to Amend</u>

Plaintiff seeks to add several new claims and twenty four (24) new defendants to his present action.  While Scott does not file a proposed Amended Complaint with his motion, he does identify five groups of new claims and the new defendants associated with each.  He also makes unspecified allegations of criminal activity by unidentified SCI-Greene staff members (theft, assault, kidnapping, criminal mischief, and theft of his personal property).  Briefly stated, the identified groups of individuals and claims against each are as follows:

(1)   DOC Central Office Staff: Jeffrey Beard, Secretary of the Department of Corrections; Donald Vaughn, Deputy Secretary Eastern Region; William Stickman, Deputy Secretary Western Region; Clifford O'Hara, former Director Office of Professional Responsibility; Catherine McVey, former Director Bureau of Health Care Services; and Thomas James, Office of Grievance and Appeals.  Scott does not state any specific reasons for naming these individuals.

(2)   Scott claims the following SCI-Greene medical staff are denying him medical care: Diana Manson, Corrections Health Care Administrator; Dr. Falor, Medical Director; Dr. Kahn and David Sacks, institutional psychiatrists; John McAnany, Head Nurse; and Mary Susan, Nurse.

(3)   Scott alleges the following individuals subjected him to "abusive and cruel treatment" as he is illegally locked down in SCI-Greene's RHU:  M. Capozza, member of the Program Review Committee; David Grainey, RHU Unit Manager; Michael Ivan, RHU Counselor; Mr. Coleman, Deputy Superintendent Facilities Management; Capt. Kingston and Lt. Wolkinson, Institutional Security; and Major Burns.

(4)   The following staff are alleged to be discriminating against

-8-

Scott on the basis of his religious beliefs: Rev. Tracey Hooker;
Rev. Kathy Higgins; Imam A. Mohammad; and Nation of Islam
Chaplain, Michael Anderson.

(5)      SCI-Greene Mail Room and other staff who allegedly
interfered with his ability to exhaust his administrative remedies:
Dean Geehring, Mailroom Supervisor; Fran Higgins and Ms.
Seball, institutional librarians.

Scott's proposed claims implicate concerns about the propriety of joining in one

action defendant and claims that have no necessary relation to the originally asserted claims.

Federal Rule of Civil Procedure 20, titled Permissive Joinder of Parties, sets forth the proper

test for determining whether parties are properly joined in an action.  In pertinent part,

Fed.R.Civ.P. 20 reads:

(a) Permissive Joinder.  All persons . . . may be joined in one
action as defendants if there is asserted against them jointly,
severally, or in the alternative, any right to relief in respect of or
arising out of the same transaction, occurrence, or series of
transactions or occurrences and if any question of law or fact
common to all defendants will arise in the action. A plaintiff or
defendant need not be interested in obtaining or defending against
all the relief demanded. Judgment may be given for one or more of
the plaintiffs according to their respective rights to relief, and
against one or more defendants according to their respective
liabilities.

Fed. R. Civ. P. 20(a)(emphasis added).

If the proposed additional defendants are added to this action, there would be at least

three distinct, unrelated groups of defendants.  The first group, from SCI-Mahanoy, are the

current defendants, and the claims against them arise from events at that facility.  The second

group of defendants, proposed new parties, are those in administrative positions at the

Department of Corrections' Central Office.  Scott does not specify why he seeks to include

these individuals as defendants.  The third group of defendants is comprised of correctional,

medical and religious staff from SCI-Greene.  Claims against these individuals arise from

events that have taken place, or continue to take place, at his present facility, located outside

the counties that comprise this Court's jurisdiction.  Therefore, Scott's request to join these

additional defendants and claims to the present action is inconsistent with Rule 20's

requirement of relatedness in terms of subject matter and legal claims.  Indeed, the proposed

claims are separate and distinct from the claims presented at the inception of this litigation.

State otherwise, the proposed claim are neither logically nor transactionally related to the

claims presented in this case.  Thus, Scott's motion to amend his present complaint will be

denied.

<u>s/ Thomas I. Vanaskie</u>
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BERNARD SCOTT,                      :
                                    :
            Plaintiff,              :
                                    :       CIVIL NO. 3:CV-05-1091
     v.                             :
                                    :       (CHIEF JUDGE VANASKIE)
R.N., TRACY MOONEY, ET AL.,         :
                                    :
            Defendants.             :

O R D E R

February 6, 2006

NOW, THEREFORE, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

    1.    Plaintiff's Motions for Appointment of Counsel (Dkt. Entries 17 and 23) are DENIED without prejudice.

    2.    Defendants' Motion to Strike (Dkt. Entry 21) is construed as Defendants' Opposition to Plaintiff's Motion to Amend.

    3.    Plaintiff's Motion to Amend (Dkt. Entry 19) is DENIED.

    4.    Defendants' Motion to Dismiss (Dkt. Entry 12) is converted to a Motion for Summary Judgment filed pursuant to Fed. R. Civ. P. 56.

    5.    Plaintiff shall file a brief in opposition to Defendants' Motion for Summary Judgment within ten (10) days

of the date of this Order or the motion will be
deemed unopposed.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania